873 P.2d 167

STATE of Idaho, Plaintiff–Respondent,

v.

Rodney WADE, Defendant–Appellant.

No. 20668.

Court of Appeals of Idaho.

Feb. 24, 1994.

Van G. Bishop, Canyon County Public Defender, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In a plea agreement negotiated pursuant to I.C.R. 11(d)(1)(C), Rodney Wade agreed to plead guilty to attempted second degree murder, I.C. § 18–4003(g) and I.C. § 18–306. The agreement provided that Wade and the prosecutor jointly recommended a unified sentence of ten years with three years' minimum confinement. In accord with that agreement, the court accepted the plea and sentenced Wade to the custody of the Board of Correction for ten years, with a minimum period of confinement of three years. After imposition of sentence, Wade timely filed a motion pursuant to I.C.R. 35 for reduction of his sentence. The same motion also requested appointment of counsel, a hearing, and an order for a progress report from the Department of Corrections. The district court denied the motion, and Wade appeals. For the reasons stated below, we affirm.

### I.

Wade was charged on July 20, 1992 with attempted first degree murder. After initially pleading not guilty, Wade negotiated the above-referenced plea agreement. The written plea agreement, signed by Wade, included an acknowledgment that he joined in the request for a unified ten-year sentence with three years' minimum confinement. Shortly after imposition of sentence but before the

expiration of the time specified in I.C.R. 44.1[1] for withdrawal of counsel without leave of the court, Wade's counsel filed a notice of withdrawal as attorney of record. After his attorney's withdrawal, Wade, acting *pro se*, filed a motion to reconsider his sentence pursuant to I.C.R. 35. Within the same document containing the Rule 35 motion, Wade requested that the court appoint counsel to represent him on the Rule 35 motion and requested an order that a report on his progress be prepared by the Department of Corrections. The district court denied the Rule 35 motion and the request for a progress report without addressing Wade's application for appointed counsel. Wade immediately filed a *pro se* notice of appeal.

Thereafter, Wade filed a motion for reconsideration, asking the district court to reconsider its denial of Rule 35 relief. In ruling upon the motion for reconsideration, the district court noted that it had omitted to address Wade's request for appointed counsel in the earlier ruling. The court then denied both the request for appointment of counsel and the request for reconsideration of the Rule 35 motion. On appeal, Wade asserts as error both the trial court's refusal to appoint counsel and its denial of Rule 35 relief.

### II.

A criminal defendant has a right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. I.C. §§ 19–851, 19–852; I.C.R. 44; *Murray v. State*, 121 Idaho 918, 923 n. 3, 828 P.2d 1323, 1328 n. 3 (Ct.App.1992). Although a defendant has an absolute right to retained counsel in a Rule 35 proceeding, appointed counsel at this stage may be denied if the trial court finds that the motion "is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." I.C. § 19–852(b)(3). Thus, a defendant may be denied appointment of counsel

---

1. I.C.R. 44.1 provides that: "[A]n attorney may withdraw at any time after the final determination and disposition of the criminal action by the dismissal of the complaint or information, the acquittal of the defendant, or the entry of a judgment of conviction and sentence; *but in the event of conviction an attorney may not withdraw without leave of the court until expiration of the time for appeal from the judgment of conviction.*" [Emphasis added.]

to assist in pursuing a Rule 35 motion if the trial court finds the motion to be frivolous.

■ When a court is presented with a request for appointed counsel, the court must address that request before rendering a ruling on the substantive issues in the underlying case. *Henderson v. State*, 123 Idaho 51, 53, 844 P.2d 33, 35 (Ct.App.1992). In this case the district court did not act upon Wade's request for an attorney before issuing its original order denying Rule 35 relief. Thus, unless the district court remedied this error before losing jurisdiction, remand will be necessary.

In its order on Wade's motion for reconsideration, filed after the notice of appeal, the court attempted to remedy its earlier error by considering Wade's request for counsel. The court's order denied the request for appointed counsel after noting that in his plea agreement, Wade had specifically agreed to the sentence imposed. The district court impliedly found that Wade's motion was frivolous and thus did not entitle Wade to appointed counsel.

■ We must first consider whether the district court had jurisdiction to enter this belated finding and deny the request for counsel once the notice of appeal had been filed. Although neither party has raised this issue, we address it *sua sponte* because it presents a question of the trial court's jurisdiction. *H & V Engineering, Inc. v. Idaho State Board of Professional Engineers and Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1988).

Idaho Appellate Rule 13(c) provides that upon the filing of an appeal in a criminal action, proceedings in the district court are stayed. The district court then lacks authority to enter orders in the case, except as to certain matters enumerated in Rule 13(c). Those enumerated exceptions to the general stay include the proviso in Rule 13(c)(11) that the trial court may rule upon a motion for reduction of a sentence under I.C.R. 35. However, that subsection is inapplicable here because the district court had already acted upon the Rule 35 motion before the appeal was taken. Had Wade's appeal been from the judgment of conviction and the original

sentence, Rule 13(c)(11) would apply, but where the appeal is from an order denying a Rule 35 motion, subsection 11 provides no exception to the general stay.

In addition, subsection 10 of Rule 13(c) empowers the trial court, pending appeal, to "[e]nter any other order after judgment affecting the substantial rights of the defendant as authorized by law." This subsection has not been previously interpreted by an Idaho appellate court. Therefore, we are presented with an issue of first impression as to the scope of the Rule 13(c)(10) exception to the general stay.

■ It appears that subsection 10 was intended by the drafters to be a catch-all exception for those orders that are necessarily part of the criminal process and ought not be delayed until the conclusion of an appeal. A trial court may not reconsider or make post hoc rationalizations of previous rulings once a notice of appeal is filed. *See generally Hell's Canyon Excursions, Inc. v. Oakes*, 111 Idaho 123, 721 P.2d 223 (Ct.App.1986); *Syth v. Parke*, 121 Idaho 156, 158, 823 P.2d 760, 762 (1991); *H & V Engineering v. Board of Professional Engineers*, 113 Idaho 646, 747 P.2d 55 (1987) interpreting the general stay in civil cases and holding that a court cannot reconsider a prior ruling once a notice of appeal is filed. However, it appears that the broad language of I.A.R. 13(c)(10) was intended to give the district court jurisdiction to rule upon a motion that has been inadvertently overlooked or that was pending, but not yet decided, when the notice of appeal was filed. The drafters of Rule 13 apparently concluded that such allowance of post-appeal jurisdiction in the trial court would benefit the parties by enabling them to obtain disposition of pending motions without being delayed until the disposition of an appeal. Accordingly, in keeping with the broad language of Rule 13(c)(10), we conclude that, after an appeal is filed, a district court in a criminal proceeding may enter an order on a motion filed prior to the appeal where such ruling merely completes the record and does not in any way alter an order or judgment from which the appeal has been taken.

In the instant case the district court was initially presented with three motions, all embodied in the same document: one requesting a reduction of sentence pursuant to Rule 35; one requesting a progress report; and one requesting appointed counsel. The district court initially denied two of these requests but omitted to rule on the third. After Wade appealed, the court ruled on the overlooked motion for appointment of counsel in conjunction with its denial of Wade's motion for reconsideration of the Rule 35 motion. While it is clear that the judge lacked jurisdiction to reconsider his order denying Rule 35 relief, from which an appeal had been taken,[2] under I.A.R. 13(c)(10) he retained jurisdiction to rule upon the omitted issue of appointed counsel.

Having found that the court had jurisdiction to enter its order denying Wade's motion for appointed counsel, we next consider the appropriateness of that denial. As discussed above, when presented with a motion requesting appointed counsel to represent a defendant on a Rule 35 motion, the court is required to appoint an attorney unless the court finds that the motion is frivolous. That finding must necessarily precede any ruling upon the merits of the underlying complaint, motion or petition. *Henderson*, 123 Idaho at 53, 844 P.2d at 35. In the instant case, the district court impliedly found the Rule 35 motion to be frivolous and, therefore, refused to appoint an attorney to represent Wade. However, the court improperly entered the finding after having already ruled upon the merits of Wade's Rule 35 motion. The improper sequence of these rulings would ordinarily be reversible error requiring that we vacate the orders and remand for the district court to consider anew the request for counsel and the Rule 35 motion. However, in the instant case we are presented with a sufficient record upon which to review the merits of Wade's request for counsel and his Rule 35 motion. Therefore, to avoid judicial circuity, we will review the district court's rulings denying appointed counsel and denying Rule 35 relief.

We must initially determine whether Wade's motion for reduction of his sentence was properly found to be frivolous and, therefore, of insufficient merit to warrant appointment of counsel pursuant to I.C. § 19–852(b)(3). If so, the district court's error in failing to address the request for counsel before denying the Rule 35 motion was harmless and would not require reversal. A determination of whether a motion for reduction of sentence is frivolous for purposes of applying I.C. § 19–852(b)(3) is based upon the contents of the motion itself and any accompanying documentation that may support the motion. The issue thus presented is one of law which we freely review.

A motion to reduce a sentence pursuant to Rule 35 is essentially a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Hernandez*, 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991). If the sentence was not excessive when pronounced, a defendant will be entitled to Rule 35 relief only upon a showing that the sentence is excessive in view of additional information presented with the motion for reduction. *Id.*

Wade pled guilty and was sentenced pursuant to an I.C.R. 11(d)(1)(C) plea agreement. If accepted by the court, such agreements are binding, and the court has no latitude to impose a sentence different from that to which the defendant and the prosecutor have agreed. I.C.R. 11(d)(2), (3). Because Wade received the precise sentence that he had requested in his written plea agreement, on his Rule 35 motion he could not be heard to argue that the sentence was unreasonable when imposed. Indeed, having accepted the plea agreement, the district court had no authority to impose any other sentence.

Accordingly, if there is any colorable merit to Wade's motion, it must arise from new or additional information that would create a basis for reduction of the sentence. We find none. The primary grounds stated for Wade's request for a sentence reduction are

---

**2.** It is equally apparent that a motion to reconsider denial of a Rule 35 motion is not appropriate. *State v. Lenwai*, 122 Idaho 258, 261 n. 1, 833 P.2d 116, 119 n. 1 (Ct.App.1992); *State v. Hickman*, 119 Idaho 7, 9, 802 P.2d 1219, 1221 (Ct.App.1990).

the contentions that he is not really guilty of the crime to which he pled guilty and that he entered into the plea agreement because he feared receiving a life sentence and feared being killed by the victim or the victim's fellow gang members. In his motion, Wade alleges that he received threats indicating he would be killed by the victim. While these allegations might arguably bear upon the voluntariness of the guilty plea, they do not raise an issue as to the reasonableness of the sentence for the crime of which Wade stands convicted. Further, this is not new or additional information, but rather information which was in the possession of Wade and his counsel and presumably weighed by them in considering the sentence to which Wade agreed. Accordingly, the district court did not err in finding Wade's motion for reduction of his sentence to be frivolous.

Because Wade's Rule 35 motion was without merit, he was not entitled to appointment of counsel to represent him on the motion, and the district court's error in failing to address Wade's request for counsel prior to denial of his Rule 35 motion was harmless.

The district court's order denying Wade's motion for reduction of sentence is affirmed.