## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 36452

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 446 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 4, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DALE R. ESTES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

Judgment of conviction and unified sentence of thirteen years, with a minimum period of confinement of three years, for trafficking in marijuana, <u>affirmed</u>, order denying motion for appointment of counsel and denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Dale R. Estes appeals from his judgment of conviction and sentence for trafficking in marijuana and the district court's order denying his motion for appointment of counsel and denying his I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Estes entered a guilty plea to trafficking in marijuana, I.C. § 37-2732B(a)(1)(A), pursuant to an I.C.R. 11 conditional plea agreement. The agreement provided that the state would seek a unified sentence of thirteen years, with a minimum period of confinement of four years. In addition, the agreement provided that the district court would not impose a greater sentence than

1

what the state recommended. However, the agreement allowed Estes to argue for a lesser sentence. After hearing argument from the state and Estes, the district court sentenced Estes to a unified term of thirteen years, with a minimum period of confinement of three years. Estes filed a pro se motion for appointment of counsel and Rule 35 motion for reduction of his sentence. In his motion, Estes argued that the district court did not properly consider Estes's claim that he was growing marijuana for medicinal purposes, that his record did not contain any prior drug or alcohol charges, and that his arrest was unlawful. The district court denied Estes's motion for counsel and Rule 35 motion for reduction of his sentence. Estes appeals.

## II.

## ANALYSIS

### A. Sentence Review

Estes contends that the district court abused its discretion by imposing an excessive sentence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Upon review of the record in this case, we cannot say that the district court abused its discretion.

### B. Appointment of Counsel

Estes asserts that the district court erred by denying the appointment of counsel during the proceedings on Estes's Rule 35 motion. A criminal defendant has the right to counsel at all

2

critical stages of the criminal process, including pursuit of a Rule 35 motion. *Murray v. State*, 121 Idaho 918, 923 n.3, 828 P.2d 1323, 1328 n.3 (Ct. App. 1992). However, appointed counsel at this stage may be denied if the motion is frivolous or one that a reasonable person with adequate means would not be willing to bring at his or her own expense. I.C. § 19-852(b)(3). This Court exercises free review of a district court's order denying appointment of counsel during proceedings on a Rule 35 motion. *State v. Wade*, 125 Idaho 522, 525, 873 P.2d 167, 170 (Ct. App. 1994).

Estes argues that the district court applied the wrong legal standard when it determined that Estes's motion was frivolous because it failed to present new information. In order to succeed upon a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). A motion that does not present any new information is frivolous and is not one that a reasonable person with adequate means would bring before the district court at his or her own expense.

In his Rule 35 motion, Estes argued that he was growing marijuana to use for medicinal purposes only. Estes pointed out that growing marijuana for medicinal purposes was legal in other states. Further, Estes stated that his criminal record did not contain previous drug or alcohol charges and that the search of his home and his subsequent arrest were unlawful. Estes asserted that the district court did not properly consider these factors during sentencing. The district court denied Estes appointment of counsel because he presented no new evidence and his arguments were not viable and, therefore, a reasonable person would not request counsel at his or her own expense to file a similar motion. Marijuana laws in other states have no bearing on a court's decision to sentence a defendant in Idaho. In addition, Estes did not present any new information with the Rule 35 motion regarding his criminal history beyond what the district court previously considered at sentencing, and the circumstances of his arrest had no bearing on his sentence. Because Estes's arguments regarding Idaho's marijuana laws, his prior criminal history, and the legality of his arrest are frivolous and are not those a reasonable person would raise at his or her own expense, the district court did not err in denying Estes's motion for appointment of counsel.

### III.
### CONCLUSION

The district court did not abuse its discretion in sentencing Estes to a unified term of thirteen years, with a minimum period of confinement of three years, for trafficking in marijuana. Estes's Rule 35 motion was not one that a reasonable person of adequate means would bring at his or her own expense. Estes has not established that the district court abused its discretion in denying his Rule 35 motion for reduction of his sentence. Therefore, Estes's judgment of conviction and sentence for trafficking in marijuana and the district court's order denying Estes's motion for appointment of counsel and Estes's Rule 35 motion are affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**