**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35907**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 670 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 15, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES NEAL MOEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion for appointment of counsel, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge, GRATTON, Judge
and MELANSON, Judge

_____

PER CURIAM

James Neil Moen appeals from the district court's order denying his motion for appointment of counsel and denying his Idaho Criminal Rule 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In the underlying criminal case, Moen was charged with felony driving under the influence (DUI) with a habitual offender enhancement. Pursuant to a plea agreement, Moen pled guilty to felony DUI and the state dismissed the habitual offender enhancement and dismissed or reduced several other charges. The plea agreement bound the district court to retain jurisdiction,

1

but allowed the imposition of any sentence. The district court imposed a unified sentence of eight years, with a minimum period of confinement of three years, and retained jurisdiction. About two months into the retained jurisdiction period, the Department of Correction recommended that the district court relinquish jurisdiction because Moen refused to follow rules and instructions. The district court relinquished jurisdiction, but reduced Moen's sentence to eight years with a minimum period of confinement of eighteen months.

Moen filed a pro se Rule 35 motion for reduction of his sentence. Among other things, Moen alleged that his mental issues were not addressed or taken into consideration during sentencing. Moen also filed a request for appointment of counsel. The district court denied Moen's motion for reduction of sentence after determining that it was meritless, and therefore found that the appointment of counsel was unnecessary. Moen appeals.

## II.

## DISCUSSION

On appeal, Moen asserts that the district court erred by denying his request for appointment of counsel during the proceedings on his Rule 35 motion. A criminal defendant has the right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. *Murray v. State*, 121 Idaho 918, 923 n.3, 828 P.2d 1323, 1328 n.3 (Ct. App. 1992). However, appointed counsel at this stage may be denied if the motion is frivolous or one that a reasonable person with adequate means would not be willing to bring at his or her own expense. I.C. § 19-852(b)(3); *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). This Court exercises free review of a district court's order denying appointment of counsel during proceedings on a Rule 35 motion. *Wade*, 125 Idaho at 525, 873 P.2d at 170.

Moen asserts that the appointment of counsel was necessary so that he could obtain a psychological evaluation to support his Rule 35 motion and to demonstrate that the sentence had been excessive as initially imposed. More specifically, Moen alleged that his mental issues were not addressed or taken into consideration even though they were raised at all the hearings. The district court denied Moen's motion for appointment of counsel because it determined that Moen's Rule 35 motion failed to assert a viable claim of an excessive sentence and therefore the motion was frivolous. We agree. At the sentencing hearing, Moen submitted a competency evaluation and a substance abuse assessment for the district court's consideration. The competency evaluation provided diagnoses of adjustment disorder with anxiety and personality

2

disorder with antisocial and narcissistic features, and the assessment provided that Moen had indications of mental health problems. The competency evaluation also explained that Moen acts out antisocially and has difficulty coping with the legal system when he does not get his way. At the jurisdictional review hearing, the district court inquired whether Moen had the resources to obtain a psychological evaluation. After Moen's counsel stated that it was likely that an evaluation could be accomplished, the district court continued the hearing. At the continued hearing, Moen requested another continuance so that he could complete a psychological evaluation, which the district court granted.[1] However, when the hearing was finally held, Moen proceeded despite the fact that no evaluation had been accomplished. Moen has failed to show that the district court did not take into consideration his mental issues.

In his Rule 35 motion, Moen requested that the district court cut his sentence in half. However, the district court emphasized that Moen failed to recognize that his original sentence had already been cut in half, at least with regard to the determinate portion. The district court further stated that Moen's sentence was appropriate given his social and criminal history, and because Moen poses extreme danger to the public. The district court stated that a lesser sentence would depreciate the seriousness of Moen's crime and that the sentence imposed is necessary for the protection of society. Having reviewed the record, we conclude Moen's Rule 35 motion has no merit and the district court did not err by denying him counsel to pursue it.[2]

### III.
### CONCLUSION

The district court did not err in denying Moen's motion for appointment of counsel and denying his Rule 35 motion for reduction of sentence. Accordingly, we affirm.

---

[1] The state also requested a continuance so that it could subpoena a witness.

[2] In his opening brief, Moen informs the Court that he intends to pursue the lack of a psychological evaluation through a post-conviction action rather than through the instant appeal.