# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39023

| | |
|---|---|
| STATE OF IDAHO, | ) 2012 Unpublished Opinion No. 435 |
| | ) |
| Plaintiff-Respondent, | ) Filed: April 5, 2012 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| JOHNNY RAY ANDOE, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Orders of the district court denying appointment of counsel and denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Johnny Ray Andoe entered *Alford*[1] pleas, pursuant to a binding Idaho Criminal Rule 11 plea agreement, to second degree kidnapping, Idaho Code §§ 18-4501(1), 18-4503, and felony domestic battery, Idaho Code §§ 18-918, 18-903(a). The State agreed to dismiss additional charges, recommend the retained jurisdiction program, and recommend an underlying unified sentence of twenty years with ten years determinate. As part of the plea agreement, Andoe waived "all rights to appeal," unless the district court exceeded the State's sentencing

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

recommendation. The district court imposed the sentence consistent with the plea agreement. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Andoe appealed from the district court's order relinquishing jurisdiction. Andoe also filed a pro se I.C.R. 35 motion, together with a motion for appointment of counsel and a request for hearing, which the district court denied without hearing. Andoe appeals, asserting that the district court erred in denying his request for appointment of counsel in regard to his Rule 35 motion. The State contends that this appeal should be dismissed because Andoe waived "all rights to appeal."

We need not determine whether Andoe waived his right to appeal from the denial of his motion for appointment of counsel in regard to his Rule 35 motion, as the district court did not abuse its discretion in denying the motion. When a court is presented with a motion for appointment of counsel, the court must address the request before turning to the substantive issues in the underlying matter. *State v. Wade*, 125 Idaho 522, 524, 873 P.2d 167, 169 (Ct. App. 1994). A defendant is entitled to be represented by counsel unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person would be willing to bring, at his own expense, and is therefore a frivolous proceeding. I.C. § 19-852(b)(3). Here, the district court specifically determined that the Rule 35 motion, both as a claim of an illegal sentence and as a plea for leniency, was frivolous.

Andoe's Rule 35 motion claimed the sentence was illegal because: the court abused its authority; denied his constitutional rights (citing "*State v. Wolf*"); used the laws of the state to eliminate his rights to a defense, to be presumed innocent and to a fair trial; failed to recognize his physical limitations to commit the crime; and "failure to subpoena phone records of Jake Blackman, Sergeant Baker, Officer Rushiny and Dawn aka Hansen aka Madox subpoena for Idaho counties investigation." He further alleged ineffective assistance of counsel. The district court correctly concluded that all of the allegations raised relate to a collateral attack on the judgment and that there was no showing that the sentence was illegal on the face of the record.

In regard to identification of documentation for consideration, Andoe again referenced subpoenas for phone records of the individuals identified above,[2] and subpoenas for "Idaho counties investigation report starting May 9 and of May 12 meeting and all medical records from NICI and Idaho Department of Corrections." Andoe asserts that this language is in relation to an

---

[2] Andoe requested subpoenas for the phone records of these individuals prior to entry of his plea and sentencing, claiming the records would establish his innocence.

allegation mentioned in the Addendum to the Presentence Investigation Report (APSI) regarding Andoe soliciting other inmates to burn down a building on his in-laws' property. He further contends that the district court relinquished jurisdiction because of the allegation. Andoe now argues that this quoted reference amounted to a challenge to the basis for the district court's prior relinquishment of jurisdiction and that a Rule 35 motion is a vehicle to request reconsideration of relinquishment of jurisdiction. We disagree. First, Andoe did not request reconsideration of relinquishment of jurisdiction in the Rule 35 motion, only reduction of sentence. Second, Andoe was required to support his claims with new or additional records, which he did not do. The district court was not required to grant a subpoena, even to the extent it could have divined a request to do so. Third, and most importantly, while the district court generally referenced Andoe's poor conduct during the period of retained jurisdiction, the district court refused to modify the sentence "specifically" because of Andoe's performance in the sex offender assessment group, not because of the alleged solicitation for arson. In fact, the APSI addresses the problems associated with the sex offender assessment group without any regard to the alleged arson solicitation issue. The APSI relates that during group sessions, Andoe appeared to be taking accountability for his crime by the assignments he presented. However, when on the tier, he put all of the blame on his victim/wife. This indicated continued attempts to manipulate staff by saying one thing in his group assignments and presentations and then saying the total opposite to his peers on the tier. The APSI notes that Andoe did not seem to have recognized that his behavior and thinking led him to behavior that was not appropriate and was criminal. It was also reported that he told some of the new inmates coming onto the tier that they would have to lie in order to get through the program. Because of this conduct, it was concluded that Andoe was not amenable to treatment at that time. The district court concluded that "it is apparent that the defendant is unable to comply with the requirements of his programming to address his criminal thinking and behavior as well as his risk to the community based on the psychosexual evaluation prepared for disposition as well as his inability to meaningfully participate in the sex offender assessment group." On this basis, the district court declined modification of the sentence and did not abuse its discretion in doing so.

The district court's order denying appointment of counsel and denying Andoe's Rule 35 motion is affirmed.

3