**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38706/38707/38708**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 437** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 9, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHARLES SHELDTON COLEMAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Orders denying Idaho Criminal Rule 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

In docket number 38706, Charles Sheldton Coleman pled guilty to felony unlawful exercise of functions of a police officer. Idaho Code § 18-711. The district court sentenced Coleman to a unified term of five years, with two years determinate, to run concurrently with the sentence imposed in docket number 38707. In docket number 38707, Coleman pled guilty to felony robbery. I.C. §§ 18-6501, 18-6502. The district court sentenced Coleman to a unified term of thirty-one years, with six and one-half years determinate, to run concurrently with the sentence imposed in docket number 38706. In docket number 38708, Coleman pled guilty to felony battery on a sheriff. I.C. §§ 18-915(3), 18-903(a). The district court sentenced Coleman

1

to a unified term of five years, with six months determine, to run consecutively to the sentences imposed in docket numbers 38706 and 38707.

Prior to sentencing the district court ordered all three cases be consolidated. Following sentencing, Coleman filed an Idaho Criminal Rule 35 motion, concurrently with a motion for appointment of counsel, as to all three cases. The record reflects the district court denied Coleman's motion for appointment of counsel by handwriting "Denied 2/25/11," along with the judge's signature, on the face of Coleman's proposed order, which bore all three case numbers. The district court denied the Rule 35 motion in the same fashion, by handwriting "denied" on the face of the Rule 35 motion, which also bore all three case numbers. A couple of weeks later, the district court also issued written memorandum decisions denying Rule 35 relief in docket numbers 38706 and 38707. Coleman appeals, contending the district court failed to rule on his motion for appointment of counsel prior to denying Rule 35 relief in docket numbers 38706 and 38707 and that the district court abused its discretion in denying his Rule 35 motions. The three cases have been consolidated on appeal.

A.      **Appointment of Counsel**

A criminal defendant has a right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. I.C. § 19-852(b)(3); *Murray v. State*, 121 Idaho 918, 923 n.3, 828 P.2d 1323, 1328 n.3 (Ct. App. 1992). However, the court may deny appointment of counsel if it finds the motion "is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." I.C. § 19-852(b)(3). Thus, a defendant may be denied appointment of counsel to assist in pursuing a Rule 35 motion if the trial court finds the motion to be frivolous. A determination of whether a motion for reduction of sentence is frivolous for purposes of applying Idaho Code § 19-852(b)(3) is based on the contents of the motion itself and any accompanying documentation that may support the motion. *State v. Wade*, 125 Idaho 522, 525, 873 P.2d 167, 170 (Ct. App. 1994). Any colorable merit to a Rule 35 motion must arise from new or additional information that would create a basis for reduction of the sentence. *Id.*

When a court is presented with a request for appointment of counsel, the court must address that request before rendering a ruling on the substantive issues in the underlying case. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). Based on the actions of the district court to deny the appointment of counsel and Rule 35 motions, we consider whether

2

substantial evidence exists in the record to support the implicit finding that the Rule 35 motions were frivolous. *See State v. DuValt*, 131 Idaho 550, 553, 961 P.2d 641, 644 (1998) ("[A]ny implicit findings of the trial court supported by substantial evidence should be given due deference."); *State v. Kirkwood*, 111 Idaho 623, 625, 726 P.2d 735, 737 (1986) (holding implicit findings of the trial court should be overturned only if unsupported by evidence). Coleman's new information for the district court to consider included his efforts at learning a new language, being a model inmate, helping another inmate who was choking during mealtime, and working as a barber. While this new information presents Coleman as making progress while incarcerated, it is insufficient to overcome the district court's concerns with the nature of the crimes and the direct threat to the community and bank employees, such that the sentences imposed were reasonable based on safety and deterrence factors. The record, therefore, supports the implicit finding that the Rule 35 motions were without colorable merit, and consequently, it was not error for the district court to deny the motion for appointment of counsel as to all three cases.

**B.     Excessive Sentences**

A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Coleman's Rule 35 motions, we conclude no abuse of discretion has been shown. Therefore, the district court's orders denying Coleman's Rule 35 motions are affirmed.[1]

---

[1]     Coleman also argues the district court had a duty to inform him of any perceived deficiencies in his Rule 35 motions prior to dismissal, citing authority interpreting the statutory twenty-day notice requirements governing the court's summary dismissal of a *post-conviction petition*. Coleman's argument that such policy should also be applied to Rule 35 motions is untenable. Further, a trial court is not required to enter findings in support of its decisions on a Rule 35 motion. *State v. Strand*, 137 Idaho 457, 463, 50 P.3d 472, 478 (2002); *State v. Ojeda*, 119 Idaho 862, 867, 810 P.2d 1148, 1153 (Ct. App. 1991).