IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38515

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 523 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 21, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD MYERS CALDWELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant. Shawn F. Wilkerson argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

MELANSON, Judge

Richard Myers Caldwell appeals from the district court's order denying his I.C.R. 35 motion for reduction of his sentence. For the reasons set forth below, we affirm.

In 2009, a grand jury indicted Caldwell on three counts of lewd conduct with a minor child under sixteen and five counts of sexual abuse of a minor child under sixteen. Pursuant to a plea agreement, Caldwell pled guilty to two counts of lewd conduct but was, thereafter, allowed to withdraw his guilty pleas. In 2010, a jury found Caldwell guilty of two counts of lewd conduct with a minor child under sixteen, I.C. § 15-508, and five counts of sexual abuse of a minor child under sixteen, I.C. § 18-1506. The district court sentenced Caldwell to concurrent unified terms of twenty years, with minimum periods of confinement of three years.

Caldwell did not file an appeal from his judgment of conviction and sentences, but did file a Rule 35 motion for reduction of his sentences and requested appointment of counsel to pursue his motion. The district court entered an order denying Caldwell's motion without a

1

hearing because it determined that Caldwell provided no new information in support of his motion. The district court also denied Caldwell's request for appointment of counsel because it determined that such request was frivolous. The district court also determined that Caldwell's sentences were not unreasonable. Caldwell appealed. Caldwell filed a motion and a renewed motion to augment his appellate record with documents he believed were relevant to his appeal. The Idaho Supreme Court, however, denied both of Caldwell's motions.

Caldwell argues that the district court erred by denying his Rule 35 motion. A motion for reduction of sentence under Rule 35 is a plea for leniency, and we review the denial of the motion for an abuse of discretion. *State v. Knighton*, 143 Idaho 318, 318, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). When presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.*

Caldwell contends that, contrary to the district court's finding, he provided new information in support of his Rule 35 motion by detailing the extent of the emotional and financial impact that his sentences were having.[1] Specifically, Caldwell alleges that the following information he provided in support of his motion was new: Caldwell's wife, who had been a full-time housewife, had to start teaching piano lessons to support their six children and this negatively impacted the children; due to Caldwell's incarceration, he had less access to treatment such as Alcoholics Anonymous meetings and suffered anxiety and depression because of the enclosed spaces of prison; Caldwell's construction company had been impacted; and he has been unable to obtain prison employment and does not qualify for work release to provide

---

[1] Caldwell also argues that the district court should have informed Caldwell about the lack of new information contained in his Rule 35 motion and allowed him the opportunity to file an addendum with the requisite information. Caldwell relies upon a post-conviction case, *Swader v. State*, 143 Idaho 651, 152 P.3d 12 (2007), to support this proposition. In that context, I.C. § 19-4906(b) provides that the district court may indicate to the parties its intention to dismiss a post-conviction application and its reasons for doing so when satisfied the applicant is not entitled to post-conviction relief and no further proceedings would serve a purpose. The district court must then give the applicant an opportunity to reply within twenty days of the proposed dismissal. However, there is no such requirement of the district court pursuant to Rule 35.

his family with financial support. Caldwell also asserts that his expression of remorse and acceptance of responsibility was new information provided in support of his Rule 35 motion.

In the order denying Caldwell's Rule 35 motion, the district court noted that it had reviewed Caldwell's motion and the attached letter from his wife and understood that his family was experiencing financial difficulties as a result of Caldwell's imprisonment.[2] The district court also noted that the impact Caldwell's incarceration would have on his family was addressed during the sentencing hearing. At Caldwell's sentencing hearing, the district court stated it had reviewed Caldwell's presentence investigation report (PSI) and psychosexual evaluation. The PSI indicated that Caldwell's construction business had been slow, he had not had regular income since 2009, and his family had been living off of savings and selling personal items to pay bills. The PSI also indicated that Caldwell had generalized anxiety disorder and suffered significant distress when in large crowds. In the psychosexual evaluation, Caldwell indicated that he was the sole financial provider for his family; used alcohol as a way to cope with stress; and suffered from depression, anxiety, and alcohol abuse. Additionally, at the sentencing hearing, Caldwell admitted that he had been suffering from mental illness and drinking alcohol to self-medicate. Caldwell also apologized to the victims in this case and acknowledged that he needed to take responsibility for his decisions. The district court stated:

> I recognize that you have made significant strides in your life with trying to deal with your alcohol and mental health related issues and you're to be commended for that. I'm not satisfied you're there yet.
> On the other side of the coin in these cases is the reasons for imposing a sentence of incarceration.

Accordingly, the information that Caldwell asserts was new that he provided in support of his Rule 35 motion--the emotional and financial impacts of his sentences and his expression of remorse and acceptance of responsibility--was before the district court at the time of sentencing. Thus, the district court did not err by determining that Caldwell did not provide any new information in support of his Rule 35 motion and, therefore, did not abuse its discretion by denying the motion.

---

[2] The letter from Caldwell's wife indicated that Caldwell had been the sole provider for the family; she had gone to work but could not meet the basic needs of the family; and, as a result, her children were suffering emotionally and mentally.

Caldwell also argues that the district court erred by determining that his Rule 35 motion was frivolous for the purpose of appointment of counsel. Pursuant to I.C. § 19-852(b)(3), the district court must appoint counsel to represent an indigent defendant in a Rule 35 proceeding unless the district court finds that the motion is frivolous because a reasonable person with adequate means would not be willing to bring the motion at his or her own expense. A determination of whether a motion for reduction of sentence is frivolous for purposes of applying I.C. § 19-582(b)(3) is based upon the contents of the motion itself and any accompanying documentation that may support the motion. Thus, the issue presented is one of law which we freely review. *State v. Wade*, 125 Idaho 522, 525, 873 P.2d 167, 170 (Ct. App. 1994).

In denying Caldwell's request for appointment of counsel, the district court found that, because Caldwell had not provided any new information in support of his Rule 35 motion, a reasonable person would not have been willing to bring the motion at his or her own expense. Therefore, the district court concluded that Caldwell's Rule 35 motion was frivolous and denied Caldwell's request for appointment of counsel. We agree with the district court's determination that, having provided no new information in support of his Rule 35 motion, Caldwell's motion was frivolous. Therefore, the district court did not err by denying Caldwell's request for appointment of counsel to pursue such motion.

Caldwell finally argues that the Idaho Supreme Court denied his constitutional due process and equal protection rights by denying his motion to augment the record. However, we need not address this argument because, as noted above, in presenting his Rule 35 motion, Caldwell failed to provide new or additional information to the district court in support of his motion to show that his sentence was excessive. Therefore, the district court's order denying Caldwell's Rule 35 motion for reduction of his sentence is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**