**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45051**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 355** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 14, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JAMES J. FLEMING,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Orders denying Idaho Criminal Rule 35 motion for reduction of sentence and motion for appointment of counsel, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

James J. Fleming pled guilty to one count of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and entered an *Alford*[1] plea to one count of sexual abuse of a child under sixteen, I.C. § 18-1506. The district court imposed concurrent unified sentences of forty years with fifteen years determinate for lewd conduct and twenty-five years with fifteen years determinate for sexual abuse of a child.

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Fleming filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because (a) he believed he was entering an *Alford* plea to both counts; (b) his counsel was ineffective in failing to ensure the prosecutor understood that Fleming would enter an *Alford* plea to both counts; (c) he believed the purpose of the *Alford* plea was to allow him to withdraw the plea if the sentence did not come close to what he argued was appropriate; (d) the prosecutor committed misconduct by allowing Fleming to enter into a sham plea agreement; and (e) because of the actions of his trial counsel and the prosecutor, the district court did not have jurisdiction either to accept his guilty plea or to sentence him, rendering his sentence illegal. The district court denied Fleming's motion and his request for counsel, finding that Fleming's sentence is not illegal and his motion to correct an illegal sentence was frivolous. Fleming appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

Idaho Code § 19-852(2)(c) governs the appointment of counsel in post-judgment criminal proceedings and requires that counsel be appointed to pursue a Rule 35 motion, "unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding." *See also State v. Wade*, 125 Idaho 522, 523-24, 873 P.2d 167, 168-69 (Ct. App. 1994). A determination of whether a Rule 35 motion is frivolous for purposes of applying I.C. § 19-852(2)(c) is based on the contents of the motion itself and any accompanying documentation supporting that motion. *Wade*, 125 Idaho at 525, 873 P.2d at 170. Thus, a district court is within its discretion to deny a request for court-appointed counsel if the court

appropriately finds that the claims presented are frivolous. *Swisher v. State*, 129 Idaho 467, 468-69, 926 P.2d 1314, 1315-16 (Ct. App. 1996).

The record supports the district court's finding that Fleming's sentence is not illegal and his claims were frivolous. Therefore, the district court properly denied Fleming's motions for correction of an illegal sentence and appointment of counsel. Accordingly, we conclude no abuse of discretion has been shown and the district court's orders denying Fleming's Rule 35 motion and motion for appointment of counsel are affirmed.