843 P.2d 675

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Brian HAYES, Defendant-Appellant.**

**No. 19884.**

Court of Appeals of Idaho.

Dec. 4, 1992.

Gregory A. Jones, Kootenai County Public Defender, Jonathan B. Hull, Deputy Public Defender, Coeur d'Alene, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Brian Hayes appeals from the "Judgment and Commitment Upon Resentencing" entered in this case and contends that the district court abused its sentencing discretion. Upon resentencing, Hayes was sentenced to a unified twelve-year period of incarceration with five-years fixed. We affirm.

This appeal stems from a resentencing following a remand order promulgated by this Court in *State v. Hayes*, 121 Idaho 232, 824 P.2d 163 (Ct.App.1992). Hayes was charged and tried for the crime of male rape. I.C. § 18-6108. However, a jury found Hayes guilty of the lesser charge of infamous crime against nature. I.C. § 18-

6605. Hayes was resentenced to the identical term he had initially received—five to twelve years' imprisonment. In Hayes' first appeal, this Court held that the maximum term of twelve years was not prohibited by the statute, and not cruel and unusual punishment, but that the district court had erred when it concluded that it was required to sentence Hayes to a *minimum* five-year period of confinement. *State v. Hayes, supra.*

The facts are fully set forth in the two cases decided by this Court which arose from the same events. *State v. Hayes*, 121 Idaho at 234, 824 P.2d at 165; *State v. DeWolfe*, 121 Idaho 337, 338, 824 P.2d 912, 913 (Ct.App.1992). Briefly, in December, 1989, Hayes, DeWolfe and the male victim drove to a heavily wooded area near Rathdrum after having drunk much beer. On a remote road with snow on the ground, DeWolfe stopped the car, got out with Hayes, and Hayes pulled the victim out of the car. DeWolfe ordered the victim to take off his pants and Hayes finished pulling them off along with the victim's underpants and shoes. The victim was turned over on his knees and anal intercourse was performed on the victim by Hayes, DeWolfe, and then Hayes again. Afterwards, the victim put his pants on and then DeWolfe told the victim, "it's your time now," knocked him down and cut his throat three times with a knife. The two threw the victim over an embankment and drove away. The victim survived the attack and walked to a house where an ambulance was summoned.

The only issue presented to us is whether the sentence imposed by the district court upon resentencing is excessive, and thus whether the court abused its sentencing discretion.

As we held in *State v. Hayes, supra,* the five to twelve-year sentence is within the maximum sentence available under I.C. § 18–6605. The imposition of a criminal sentence is within the trial court's discretion and will not be overturned absent an abuse of that discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). The fixed portion of a sentence imposed under the Unified Sentencing Act

is treated as the term of confinement for sentence review purposes. *State v. Broadhead*, 120 Idaho 141, 146, 814 P.2d 401, 406 (1991) *overruled on other grounds* by *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). Therefore, we will examine the five-year fixed portion of Hayes' sentence.

In order to show that the district court abused its sentencing discretion, Hayes must establish that his sentence is unreasonable. *Id.* We independently examine the record in light of the nature of the offense, the defendant's character and the protection of the public interest. *State v. Shideler*, 103 Idaho 593, 651 P.2d 527 (1982). A sentence is reasonable if it is necessary primarily to protect society, and secondly to punish, rehabilitate and deter the defendant and deter society generally. *State v. Broadhead, supra* (quoting *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982)).

Hayes contends that the district court focused primarily upon retribution to the exclusion of the other sentencing objectives. Hayes also asserts that the court failed to adequately consider mitigating factors such as Hayes' background and his potential for rehabilitation. Hayes asserts that his prior record, showing only two convictions for driving under the influence and no prior felonies, his lack of prior predatory or violent conduct and his willingness to address his substance abuse problem, all militate against a five-year period of incarceration. Hayes contends that probation would now satisfy all of the sentencing goals considering that he has been incarcerated since December 18, 1989. The state responds that the district court acted within its sentencing discretion. In light of the circumstances of the case, the state contends that the sentence imposed is necessary to protect society foremost. We agree.

On resentencing, the district court stated that his sentencing memorandum which gave rise to the first appeal and subsequent remand order was written in part to record the aggravating and mitigating circumstances. In that memorandum, the court did consider the mitigating fac-

tors which Hayes relies upon in this appeal for support that his sentence is excessive. However, the court also delineated aggravating factors and reemphasized the callousness shown by Hayes by participating in throwing the victim, with his throat cut, down an embankment in the snow and abandoning him after the crime for which he had been convicted was perpetrated.

Hayes has failed to show that the sentence imposed is unreasonable. Accordingly, we defer to the district court's sentencing discretion and affirm the judgment of conviction including the twelve-year sentence, with five-years fixed.

WALTERS, C.J., and SILAK, J., concur.