# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41862

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Opinion No. 106** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 17, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MURRAY CASEY CARTER,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Murray Casey Carter appeals from district court's order denying his I.C.R. 35 motion for reduction of his sentence. He argues that the district court abused its discretion by denying the motion and by denying his request for appointment of counsel. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Carter was charged with felony eluding an officer, I.C. § 49-1401; driving under the influence (DUI), I.C. §§ 18-8004 and 18-8005(4); and driving without privileges (DWP), I.C. § 18-8001(3). Pursuant to a plea agreement, Carter pled guilty to felony eluding an officer and DUI; in exchange, the state dismissed the DWP and agreed to recommend a unified sentence of no more than five years, with a minimum period of confinement of two years, for felony

1

eluding an officer. The state would also recommend that any sentence for the DUI run concurrently. Carter was free to recommend a reduced sentence. The district court accepted Carter's guilty plea and imposed a unified sentence of five years, with a minimum period of confinement of one year, for felony eluding and a concurrent unified sentence of one year for second offense DUI.

Carter filed a pro se Rule 35 motion for reduction of only his sentence for felony eluding an officer and a contemporaneous pro se motion for appointment of counsel. The district court denied the request for appointment of counsel, finding that the Rule 35 motion was not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense and, therefore, was frivolous. The district court subsequently denied Carter's Rule 35 motion. Carter appeals.

## II.

## ANALYSIS

Carter claims that the district court erred in denying his request for appointment of counsel. Alternatively, he argues that the district court abused its discretion in denying his Rule 35 motion for reduction of his sentence.

### A. Appointment of Counsel

Carter argues that the district court erred in denying his request for appointment of counsel on the grounds that his Rule 35 motion was frivolous. This, he claims, is because the district court's decision was based on a misstatement of the facts. Specifically, Carter contends that the district court mistakenly believed that he and the state had agreed to a sentencing recommendation, while he was actually free to recommend a lesser sentence. This was based on the following statement by the district court in its order denying Carter's motion for appointment of counsel: "There was a plea agreement for two (2) years fixed, with three (3) years indeterminate on Count I [eluding]; the Court actually reduced the fixed time to one (1) year."

A criminal defendant has a right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. I.C. §§ 19-851, 19-852; I.C.R. 44; *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). Although a defendant has a right to hire a private attorney in a Rule 35 proceeding, a trial court may deny a request for appointment of counsel if the motion is not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense and is, therefore, a frivolous proceeding. I.C. § 19-

2

852(2)(c)[1]; *Wade*, 125 Idaho at 523, 873 P.2d at 168. Thus, a defendant may be denied appointment of counsel to assist in pursuing a Rule 35 motion if the trial court finds the motion to be frivolous. *Wade*, 125 Idaho at 523-24, 873 P.2d at 168-69. Whether a motion is frivolous is a question of law that we freely review. *Id.* at 525, 873 P.2d at 170.

In presenting a Rule 35 motion, a defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Thus, any colorable merit to a Rule 35 motion must arise from new or additional information presented in the motion or accompanying documentation that would create a basis for reduction of the sentence. *Wade*, 125 Idaho at 525, 873 P.2d at 170. As a result, a Rule 35 motion that does not present such new information is not one that a reasonable person with adequate means would bring before the district court at his or her own expense and is, therefore, frivolous.

Assuming, without deciding, that the district court relied on the clearly erroneous fact Carter suggests in determining that his Rule 35 motion was frivolous, whether a motion is frivolous for purposes of appointment of counsel is a question of law that we review de novo. *See id.* Moreover, we may still sustain a correct legal ruling in a criminal case, even if based upon incorrect facts, if the clearly established record supports that ruling. *Cf. State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984). Thus, we set aside the district court's allegedly erroneous factual determination regarding the plea agreement, and we review whether Carter's Rule 35 motion was frivolous in light of the clearly established factual record.

After a review of the record in this case, we conclude that Carter's Rule 35 motion was, indeed, frivolous. Carter's motion was not supported by new information that would have warranted a reduction of his sentence. Carter asserts that the new information he provided was that he had been regularly attending Alcoholics Anonymous, Narcotics Anonymous, and other recovery meetings while awaiting transfer to the prison therapeutic community. However, there is no indication that this information would provide a basis for reducing Carter's sentence. On the contrary, the district court noted during sentencing that Carter had previously participated in treatment and recovery services, but that treatment--especially in the community--had "not

---

[1]    The statutory provision allowing for appointment of counsel in post-judgment proceedings was formerly codified at I.C. § 19-852(b)(3). Effective July 2013, that provision was recodified as I.C. § 19-852(2)(c). *See* 2013 Idaho Sess. Laws, ch. 220, § 2.

accomplished anything" and Carter remained a "high risk" to reoffend. Indeed, the sentence specifically contemplated and intended for Carter to participate in "intensive treatment" programming while incarcerated; to that end, the district court declined to follow the state's recommended fixed portion of the sentence, reducing it from two years to one year to allow Carter to enter the therapeutic community sooner. The district court also noted that, because of Carter's repeated failures in treatment in the past, treatment in the community while on probation was not an option, as it sent the wrong message and presented an undue risk that he would recidivate. Accordingly, the indeterminate portion of the state's proposed sentence was increased from three years to four years. Although Carter's voluntary participation in twelve-step and recovery meetings is laudable, it does not change the clear purpose of the sentence--having Carter receive intensive treatment while incarcerated. Carter's efforts do not constitute new information warranting a reduction of his sentence, as they do not address or fulfill the purpose of the sentence imposed by the district court. As a result, even assuming the district court made a clear factual error, the district court's legal conclusion that Carter's Rule 35 motion was frivolous was correct and was supported by the record in this case.

**B.      Rule 35 Motion**

Alternatively, Carter argues that the district court abused its discretion by denying his Rule 35 motion because it mistakenly believed that its review of the original sentence was limited to the fixed portion of the sentence. A Rule 35 motion for reduction of sentence is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). We will not review a defendant's underlying sentence for excessiveness when the defendant has appealed only the grant or denial of his Rule 35 motion unless the motion was supported by new evidence tending to show that the original sentence was excessive. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007); *Huffman*, 144 Idaho at 203, 159 P.3d at 840. In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

When reviewing a sentence, we presume that the fixed portion of the sentence will be the defendant's probable term of confinement. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387,

391 (2007). Carter contends that the district court invoked a form of this proposition that has been "expressly disavowed" by the Idaho Supreme Court. *See State v. Hayes*, 123 Idaho 26, 27, 843 P.2d 675, 676 (Ct. App. 1992) (stating that "the fixed portion of a sentence imposed under the Unified Sentencing Act is treated as the term of confinement for sentence review purposes"). As a result, he argues, the district court abused its discretion because it used the allegedly erroneous proposition of law in *Hayes* to govern consideration of Carter's Rule 35 motion. More specifically, he alleges that the district court viewed this proposition as limiting its review to the determinate portion of Carter's sentence, which he claims is shown by the district court's finding that "a one-year fixed sentence for Eluding . . . is lenient considering the facts of this crime and is well within the statutory sentence guidelines."

Carter cites to *Huffman* for support. In *Huffman*, the defendant argued that the Idaho Supreme Court had never adopted language used by this Court in *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989) that indicated that we treat the fixed portion of a sentence as the term of confinement for review purposes under the Unified Sentencing Act. Thus, Huffman argued, the Court should not adopt the test enunciated in *State v. Herrera*, 130 Idaho 839, 840, 949 P.2d 226, 227 (Ct. App. 1997), in which we elaborated on *Sanchez* and explained that we would review the indeterminate portion of a defendant's sentence only upon a showing of "special circumstances." However, the Court stated that Huffman's argument incorrectly assumed that the "special circumstances" test derived from a refusal to review a defendant's aggregate sentence, which the Court had never held. *Huffman*, 144 Idaho at 202-03, 159 P.3d at 839-40. The Court then denied review of Huffman's attempt to alter the standard of review for Rule 35 motions because it was not properly before the Court on appeal. *Id.* at 203, 159 P.3d at 840.

The Court's decision in *Huffman* is not at odds with the standard this Court enunciated in *Sanchez*. In *Sanchez*, we stated:

> In those cases [under the Unified Sentencing Act,] the minimum period [of confinement] generally will be treated as the probable measure of confinement for the purpose of sentence review. By *focusing* on this period, *we do not wholly disregard the aggregate length of the sentence*, nor do we suggest that a prisoner will be entitled to parole when the minimum period has elapsed; but we do recognize that he [or she] will be eligible for parole at that time.

*Sanchez*, 115 Idaho at 777, 769 P.2d at 1149 (emphasis added). Thus, we do not limit our review of a defendant's sentence to only the determinate portion; we simply focus our review on that portion as a practical matter.

Instead, *Huffman* implicitly rejected the later requirement of showing "special circumstances," as set out in *Herrera*, before an indeterminate portion of a sentence could be reviewed. The Court further clarified its position on this issue in *State v. Arthur*, 145 Idaho 219, 177 P.3d 966 (2008). There, the Court stated the following:

> Until recently, confusion existed as to the standard of review applied in sentence review based on dicta from *State v. Herrera* . . . and as applied by the Court of Appeals in some cases. However, in *State v. Huffman* the Court addressed the apparent confusion surrounding the standard of review. Huffman presented a nearly identical argument to the one Arthur presents here, arguing that the Court should refuse to adopt the "special circumstances" test utilized by the Court of Appeals and instead always review both the determinate and indeterminate portion of a sentence. However, this Court pointed out we had never held we would not review the aggregate sentence to see if it was reasonable under the facts of a case when a sentence is announced. Then, in *State v. Oliver*, the Court made it abundantly clear that it reviews a defendant's entire sentence for an abuse of discretion. Additionally, the Court noted that a defendant challenging his [or her] sentence on appeal "need not show special circumstances in order for the appellate court to review the entire sentence, including the indeterminate portion."

*Arthur*, 145 Idaho at 223, 177 P.3d at 970 (citations omitted). This clarification was followed by the Court's reaffirmation of the well-established standard that we presume the fixed portion of a sentence to be the defendant's probable term of confinement. *Id.* This, the Court explained, is because whether a defendant serves longer than the fixed portion of the sentence is a matter left to the sole discretion of the parole board. *Id.* Thus, the only proposition that the Idaho Supreme Court has "expressly disavowed" is the requirement of showing "special circumstances" when requesting review of the indeterminate portion of a sentence.

The district court did not rely on that proposition here. Instead, the district court cited *Hayes* for the basic presumption reaffirmed in *Oliver* and *Arthur*. The district court did not require Carter to provide "special circumstances" justifying review of the indeterminate portion of his sentence; instead, it merely focused on Carter's fixed sentence as the probable term of confinement and noted that it was lenient given the facts of the case. The district court then summarized the basis for the original sentence:

6

In arriving at this sentence, the Court considered Carter's character and any mitigating or aggravating factors. The Court, however, found there were several aggravating factors in this case suggesting the need for this sentence. In particular, it is clear that Carter needs treatment. The Court's decision focused on rehabilitation and protection of society. The facts of this crime and his criminal history suggested the need for this sentence in order to properly rehabilitate him.

This incident began just after seven o'clock in the evening and ending just after ten o'clock. It began when Carter broke out the rear window of his girlfriend's car and called and threatened to kill her. He had previously threatened her. He then drove to another house. He was extremely intoxicated and the police went to investigate. He spilled beer all over himself. He threatened to shoot another woman who was answering a call from his girlfriend. He then offered another person $1000 to beat up his girlfriend. The officer located him driving and Carter refused to stop and fled. He drove . . . at speeds of approximately 80 m.p.h. He failed to negotiate a right turn . . . causing his car to run over a stop sign and slide off the road. His blood alcohol was .135/.116. He put a number of people at risk.

The district court recounted Carter's criminal record, which included an extensive juvenile record involving drugs, alcohol, and a conviction for battery that was amended from lewd conduct with a minor child under sixteen years of age; a felony conviction for forgery in 2002; a prior DUI conviction in 2008; and several other alcohol-based offenses. Although the district court did not specifically discuss the indeterminate portion of Carter's sentence, this does not indicate that the district court reviewed only the fixed portion of Carter's sentence or understood the law it cited as requiring such a limited review. On the contrary, the district court's discussion addressed the purpose of the entire sentence in a manner similar to how it approached its original sentencing decision, noting that the sentence was designed to promote rehabilitation and fulfilled the sentencing objectives. As a result, Carter's contention that the district court abused its discretion by relying on an erroneous proposition of law is incorrect. Carter does not otherwise challenge the denial of his Rule 35 motion and, as previously noted, did not provide any new or additional information in his Rule 35 motion justifying review of his underlying sentence for excessiveness. Thus, Carter has failed to establish that the district court abused its discretion.

## III.

## CONCLUSION

Carter has failed to show that he was entitled to appointment of counsel or that the district court abused its discretion in denying his Rule 35 motion. Accordingly, the district court's order denying Carter's Rule 35 motion is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.