**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43706**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 55** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 10, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DANIEL JOSEPH SMITH,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying motion for appointment of counsel and reduction of sentence, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Daniel Joseph Smith appeals from the district court's order denying his Idaho Criminal Rule 35 motion for reduction of sentence. He argues the district court erred by not appointing counsel to represent him in pursuing the motion; or alternatively, the court abused its discretion by denying his motion on the merits. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c). The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years. Smith filed a motion for appointment of counsel and Idaho Criminal Rule 35 motion for reduction of sentence. The district court denied the request for appointment of

1

counsel, finding that the Rule 35 motion was not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense, and therefore was frivolous. The district court also denied Smith's Rule 35 motion on the merits. Smith timely appeals

## II.

## ANALYSIS

Smith claims the district court erred in denying his request for appointment of counsel. Alternatively, he argues that the district court abused its discretion in denying his Rule 35 motion for reduction of his sentence. We address each issue in turn.

### A.     Appointment of Counsel

Smith contends the district court erred in denying his request for appointment of counsel on the grounds that his Rule 35 motion was frivolous. A criminal defendant has the statutory right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. I.C. §§ 19-851, 19-852; I.C.R. 44; *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). However, a district court may deny appointment of counsel if the Rule 35 motion is frivolous or one that a reasonable person with adequate means would not be willing to bring at his or her own expense. I.C. § 19-852(2)(c). The question of whether a motion is frivolous for purposes of appointment of counsel is a question of law that we review de novo. *State v. Carter*, 157 Idaho 900, 902, 341 P.3d 1269, 1271 (Ct. App. 2014).

In presenting a Rule 35 motion, a defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Thus, any colorable merit to a Rule 35 motion must arise from new or additional information presented in the motion or accompanying documentation that would create a basis for reduction of the sentence. *Wade*, 125 Idaho at 525, 873 P.2d at 170. A Rule 35 motion that does not present such new information is not one that a reasonable person with adequate means would bring before the district court at his or her own expense and is, therefore, frivolous. *Carter*, 157 Idaho at 903, 341 P.3d at 1272. Moreover, a Rule 35 motion is frivolous if the basis for the claim was previously considered by the district court. *Id.* at 902, 341 P.3d at 1271.

Smith contends he provided the district court with new information in support of his Rule 35 motion to warrant the appointment of counsel. As his new information, Smith argues the court should consider that since his HIV diagnosis in May 2015, he has been following his

2

doctors' advice on minimizing the transmission of his disease to others. Smith also argues the court should consider the effect that his brother's suicide, which occurred in March 2015, has had on him. He contends that although his "diagnosis and the fact that his brother had committed suicide were both mentioned in various places in the record, nowhere in the record was there an articulation of the fact that Mr. Smith's amenability to treatment had changed as a result of the combination of those facts."

After reviewing the record, we conclude that Smith's Rule 35 motion is frivolous on two grounds: the court already considered the basis of his claim; and Smith provided no new information in support of his motion. The crux of Smith's Rule 35 motion is that certain circumstances, i.e., his disease and his brother's suicide, have made him amenable to treatment. However, in imposing sentence, the court took into account this specific information in considering Smith's amenability to treatment. During the sentencing hearing, in deciding whether to impose the sentence or give Smith another opportunity at a rider, the court stated that "the most important function of the court in this circumstance is to protect society and maybe in this case to protect the defendant from himself." The presentence investigation report repeatedly conveyed Smith's amenability to treatment including his desire to seriously pursue mental and physical treatment opportunities. Because Smith did not provide any new or additional information upon which his Rule 35 motion could be based, and because the court already considered the basis of his claim, the court did not err in denying his motion for appointment of counsel on the grounds that his motion was frivolous.

**B.     Rule 35 Motion**

Alternatively, Smith argues that the district court abused its discretion in denying his Rule 35 motion on the merits. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *Huffman*, 144 Idaho at 203, 159 P.3d at 840.

As discussed above, the information Smith provided in support of his Rule 35 motion was information that was already in his possession and already considered by the court in imposing Smith's sentence. Because Smith provided the court with no new or additional

3

information to support finding Smith's sentence excessive, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Smith's Rule 35 motion is affirmed.

## III.

## CONCLUSION

Smith has failed to show that he was entitled to appointment of counsel or that the district court abused its discretion in denying his Rule 35 motion. Accordingly, the district court's order denying Smith's Rule 35 motion is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.