**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43706**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 55S |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 21, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL JOSEPH SMITH, | ) | SUBSTITUTE OPINION |
| | ) | THE COURT'S PRIOR OPINION |
| Defendant-Appellant. | ) | DATED AUGUST 10, 2016, IS |
| | ) | HEREBY WITHDRAWN |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying motion for appointment of counsel and reduction of sentence, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Daniel Joseph Smith appeals from the district court's order denying Smith's Idaho Criminal Rule 35 motion for reduction of sentence. He argues the district court erred by not appointing counsel to represent Smith in pursuing the motion; or alternatively, the district court abused its discretion by denying Smith's motion on the merits. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c). The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years. Smith filed a motion for appointment of counsel and Idaho Criminal Rule 35 motion for reduction of sentence. The district court denied the request for appointment of

1

counsel, finding that the Rule 35 motion was not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense and therefore was frivolous. The district court also denied Smith's Rule 35 motion on the merits. Smith timely appeals

## II.

## ANALYSIS

Smith claims the district court erred in denying the request for appointment of counsel. Alternatively, Smith argues that the district court abused its discretion in denying Smith's Rule 35 motion for reduction of his sentence. We address each issue in turn.

### A.      Appointment of Counsel

Smith contends the district court erred in denying the request for appointment of counsel on the grounds that Smith's Rule 35 motion was frivolous. A criminal defendant has the statutory right to counsel at all critical stages of the criminal process, including pursuit of a Rule 35 motion. I.C. §§ 19-851, 19-852; I.C.R. 44; *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). However, a district court may deny appointment of counsel if it finds the motion is frivolous. I.C. § 19-852(2)(c). A motion is frivolous if a reasonable person with adequate means would not be willing to bring the motion at his or her own expense. *Id.* Whether a motion is frivolous for purposes of appointment of counsel is a question of law that we review de novo. *State v. Carter*, 157 Idaho 900, 902, 341 P.3d 1269, 1271 (Ct. App. 2014).

In presenting a Rule 35 motion, a defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Thus, any colorable merit to a Rule 35 motion must arise from new or additional information presented in the motion or accompanying documentation that would create a basis for reduction of the sentence. *Wade*, 125 Idaho at 525, 873 P.2d at 170. A Rule 35 motion that does not present such new information is not one that a reasonable person with adequate means would bring before the district court at his or her own expense and is, therefore, frivolous. *Carter*, 157 Idaho at 903, 341 P.3d at 1272. Moreover, a Rule 35 motion is frivolous if the basis for the claim was previously considered by the district court. *Carter*, 157 Idaho at 902-03, 341 P.3d at 1271-72.

Smith contends the information he provided to the district court in support of the Rule 35 motion is sufficient to warrant the appointment of counsel. Accompanying Smith's Rule 35 motion, Smith submitted a letter addressed to the district court. The first piece of information

Smith offers as a basis for his motion is his attestation that, since his HIV diagnosis in May 2015, he has "followed the recommendations of [his] doctors, [has] taken steps to prevent further spread of the disease, [is] correctly medicated and [is] continuing proper treatment recommended by health professionals." Smith contends that this is a valid basis for a reduction because it contradicts a concern expressed and relied upon by the district court at sentencing.

During sentencing, the district court expressed significant concern with Smith's extensive history of drug abuse and its collateral effects. The district court pointed out that since Smith's first drug-related felony conviction in 2002, he had been convicted of three additional drug-related felonies, violated probation and parole numerous times, was unsuccessful in a rider program, and failed other programming attempts. While still considering Smith's history, the district court stated: "After [Smith] was discharged [from custody in May 2014] . . . [Smith] engaged in reckless activity which resulted in certain sexually transmitted diseases, actually a number of them, and I found myself wondering between 2014 and his current arrest [in March 2015] how many others were inflicted by this reckless behavior." It is this concern that Smith attempts to contradict.

While not dispositive of the issue, we first note that Smith's proffered information fails to contradict the district court's concern. The district court's statement indicates its focus on Smith's behavior prior to his arrest in March 2015, while Smith's written statement addresses only his behavior after May 2015. Thus, nothing in his statement contradicts the district court's concern regarding the impact of Smith's prior conduct.

More importantly, however, the proffered information was part of the basis that the district court already considered in imposing Smith's sentence. The district court already considered information provided by Smith regarding the way in which he was treating his health after being diagnosed with HIV. In a statement to the district court in Smith's presentence investigation report (PSI), Smith advised the court that Smith was "taking charge of [his] health." Implicit in this expression is the assumption that Smith was taking reasonable measures to protect others from exposure to Smith's diseases, as the medical records included in the PSI indicate that Smith expressed awareness that he would need to change his behavior to prevent transmission. However, also included in the PSI is Smith's admission to using drugs intravenously while out on bond in early July 2015 and to engaging in unprotected sexual activity around the same time. Additionally, the medical records indicate that Smith did not start

3

taking his prescribed medication until he was in custody in late July 2015. During sentencing, Smith admitted to having reviewed the PSI report and offered no objections or corrections regarding its content. Because the district court already had information regarding Smith's behavior after his diagnosis, which included Smith's own admissions regarding his post-diagnosis conduct, there is no indication that this new information would provide a basis for reducing Smith's sentence.

The second piece of information Smith argues the district court should have considered is the effect that his brother's suicide, which occurred in March 2015, has had on him. He urged the district court to consider that his brother's suicide and Smith's diagnosis had "a profound impact on [his] attitude and outlook on life" and that he had "never been more determined to turn [his] back on a lifestyle that cost [his] family so much." He contends that although his "diagnosis and the fact that his brother had committed suicide were both mentioned in various places in the record, nowhere in the record was there an articulation of the fact that Mr. Smith's amenability to treatment had changed as a result of the combination of those facts."

Smith's argument rests on his assertion that certain circumstances, i.e., his disease and his brother's suicide, have made him amenable to treatment. However, in imposing sentence, the district court was not only aware that Smith's brother committed suicide and that Smith was diagnosed with HIV, the court was also aware that Smith was impacted by these circumstances. The PSI includes several references to Smith's desire to obtain counseling to help deal with both circumstances. Moreover, the district court considered Smith's amenability to treatment at great length, focusing primarily upon Smith's extensive history of drug abuse despite his participation in numerous treatment, educational, and programming therapies. The district court acknowledged, "[Smith] indicates high motivation for treatment, but I note he has had plenty of treatment over the last 15 years." Thus, it is clear from the record that the district court already considered the basis of Smith's claim that he was amenable to treatment.

Smith's Rule 35 motion failed to provide the district court with any new or additional information that would create a basis for reduction of his sentence. Thus, the motion is frivolous, as it is not one that a reasonable person with adequate means would bring at his or her own expense. The district court did not err in denying Smith's motion for appointment of counsel on the grounds that his motion was frivolous.

4

**B.      Rule 35 Motion**

Alternatively, Smith argues that the district court abused its discretion in denying his Rule 35 motion on the merits.  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *Huffman*, 144 Idaho at 203, 159 P.3d at 840.

As discussed above, the information Smith provided in support of his Rule 35 motion was information that was already in his possession and already considered by the district court in imposing Smith's sentence.  Because Smith provided the district court with no new or additional information to support finding Smith's sentence excessive, we conclude no abuse of discretion has been shown.  Therefore, the district court's order denying Smith's Rule 35 motion is affirmed.

**III.**

**CONCLUSION**

Smith has failed to show that he was entitled to appointment of counsel or that the district court abused its discretion in denying the Rule 35 motion.  Accordingly, the district court's order denying Smith's Rule 35 motion is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.