# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44136

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 805 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  December 5, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROB LEE MITCHELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Jay P. Gaskill, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence and motion for appointment of counsel, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In 1992, Rob Lee Mitchell was found guilty of attempted murder in the first degree, Idaho Code § 18-4001, and robbery, I.C. § 18-6501.  The district court imposed a fifteen-year determinate term for attempted murder and a consecutive unified sentence of thirty-five years, with a minimum period of confinement of fifteen years, for robbery.  Mitchell appealed, and this Court affirmed Mitchell's convictions and sentences on September 17, 1993.  *State v. Mitchell*, 124 Idaho 374, 859 P.2d 972 (Ct. App. 1993).  On March 8, 2016, Mitchell filed an Idaho Criminal Rule 35 motion for reduction of sentence, together with a motion for appointment of

1

counsel. The district court denied both motions, finding Mitchell's Rule 35 motion frivolous. Mitchell appeals.

Idaho Criminal Rule 35 vests the trial court with jurisdiction to consider and act upon a motion for reduction of sentence filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction. The 120-day filing deadline creates a jurisdictional limitation on the authority of the court to entertain untimely motions. Without a timely filing, the court cannot consider the motion. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992); *State v. Hocker*, 119 Idaho 105, 106, 803 P.2d 1011, 1012 (Ct. App. 1991).

A trial court may deny a request for appointment of counsel if the motion is not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense and is, therefore, a frivolous proceeding. I.C. § 19-852(2)(c). A trial court may deny an indigent defendant's request for appointment of counsel to assist in pursuing a Rule 35 motion if the trial court finds the motion to be frivolous. *State v. Carter*, 157 Idaho 900, 902, 341 P.3d 1269, 1271 (Ct. App. 2014); *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). In denying Mitchell's motions, the district court specifically found that Mitchell's Rule 35 motion was frivolous and that no reasonable person with adequate means would be willing to bring the motion at his own expense.

The district court lacked jurisdiction to consider Mitchell's untimely Rule 35 motion for reduction of sentence, and thus the district court did not err in denying Mitchell's request for appointment of counsel to pursue the motion. The district court's order denying Mitchell's Idaho Criminal Rule 35 motion for reduction of sentence and his motion for appointment of counsel is affirmed.