# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51740

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 31, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRYAN WILLIAM TILLE ERICKSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Annie O. McDevitt, District Judge.

Judgment of conviction and concurrent, unified sentences of thirteen years, with minimum periods of confinement of three years, for trafficking in methamphetamine or amphetamine and unlawful possession of a firearm, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Bryan William Tille Erickson was found guilty of trafficking in methamphetamine or amphetamine, I.C. § 37-2732B(a)(4)(A), and unlawful possession of a firearm, I.C. § 18-3316.

1

The district court sentenced Erickson to concurrent, unified terms of ten years, with minimum periods of confinement of three years. Erickson appeals, arguing that his sentences[1] are excessive.[2]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Erickson's judgment of conviction and sentences are affirmed.

---

[1]     Erickson's brief is inconsistent regarding the nature of his challenge. In the opening paragraph, Erickson asserts "the *determinate* portion of his sentence is unreasonably long." (Emphasis added). However, he later argues "the *indeterminate* term of ten years is unnecessarily long and unreasonable." (Emphasis added). When reviewing a sentence, we presume that the fixed portion of the sentence will be the defendant's probable term of confinement. *State v. Carter*, 157 Idaho 900, 903-04, 341 P.3d 1269, 1272-73 (Ct. App. 2014).

[2]     Erickson was also found guilty of and sentenced for two misdemeanors but does not challenge those portions of his judgment of conviction or sentences on appeal.